UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GLAZING HEALTH AND WELFARE FUND, *et al*.,

    Plaintiffs,

v.

ACCURACY GLASS AND MIRROR COMPANY, INC., *et al*.,

    Defendants.

Case No. 2:13-CV-1106-KJD-NJK

**ORDER**

Presently before the Court is Defendants Accuracy Glass and Mirror Company ("Accuracy"), Michael Lamek, and Kelly Marshall's Motion to Dismiss Third Amended Complaint (#113). Plaintiffs filed a response in opposition (#115) to which Defendants replied (#117).

I.  Background

Accuracy is a Nevada glass and glazing contractor. Lamek is Accuracy's secretary/treasurer and Marshall is its president. Plaintiffs are a collection of trusts that manage participating employees' benefits in southern Nevada. Accuracy entered into a Master Labor Agreement ("MLA") and several Trust Agreements with Glaziers Union Local 2001.  Plaintiffs allege that Accuracy failed to meet the contribution obligations required by the MLA and Trust Agreements.  Defendant Accuracy now moves to dismiss the breach of contract claim against it contained in the third amended complaint

asserting that Plaintiffs do not allege that Accuracy acted with bad faith, gross neglect or willful misconduct. Defendants Lamek and Marshall move to dismiss the claims for breach of fiduciary duty asserting that the MLA's and/or plan documents do not define unpaid contributions as plan assets.

II. Legal Standard for a Motion to Dismiss

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Consequently, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Plausibility, in the context of a motion to dismiss, means that a plaintiff has pleaded facts which allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id.

The Iqbal evaluation illustrates a two prong analysis. First, the Court identifies the allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949-51. Second, the Court determines if the remaining factual allegations plausibly suggest an entitlement to relief. Id. at 1951. If the allegations state plausible claims for relief, the claims survive the motion to dismiss. Id. at 1950.

III.  Analysis

A.  Breach of Contract Claim against Accuracy

Defendants assert that the claims brought by Plaintiff Painters, Glaziers and Floorcoverers Joint Apprenticeship and Journeyman Training Trust and Plaintiff  Painters, Glaziers and Floorcoverers Safety Training Trust Fund must be dismissed because the Trust Agreements contain language stating that employers and individuals shall not be liable for the failure to make contributions except "when a loss or diminution of the Fund results from the bad faith, gross neglect,

1  or willful misconduct[.]" Defendants argue that this cause of action must be dismissed because the
2  complaint did not assert that Defendants acted with bad faith, gross neglect or willful misconduct.
3  However, all the complaint must contain is sufficient factual matter, accepted as true, to state a claim
4  for relief that is plausible on its face. <u>Iqbal</u>, 129 S. Ct. at 1949. Plausibility, in the context of a motion
5  to dismiss, means that a plaintiff has pleaded facts which allow the court to draw the reasonable
6  inference that the defendant is liable for the misconduct alleged.  Here, though Plaintiffs did not use
7  the magic words "bad faith, gross neglect, or willful misconduct" they have asserted facts which, if
8  true, allow the Court to draw the reasonable inference that Defendant would be liable for the conduct
9  alleged. Accordingly, the Court denies the motion to dismiss this claim.

10        B.  <u>Breach of Fiduciary Duty as to Lamek and Marshall</u>

11     A person can become a fiduciary under ERISA to the extent that he exercises discretionary
12 control of a plan or its assets, gives investment advice respecting the plan assets, or has discretionary
13 authority in a plan's administration. 29 U.S.C. § 1002(21)(A). ERISA defines "fiduciary" not in
14 terms of a formal trusteeship, but in functional terms of control and authority over the plan. <u>Mertens</u>
15 <u>v. Hewitt Associates</u>, 508 U.S. 248, 262 (1993). Typically, employer contributions do not become
16 plan assets until the employer pays the contributions to the plan. <u>Cline v. Indus. Maint. Engr. &</u>
17 <u>Contracting Co.</u>, 200 F.3d 1223, 1234 (9th Cir. 2000).

18     Many courts in the Ninth Circuit recognize that <u>Cline</u> does not apply when the agreement
19 governing the plan clearly identifies unpaid employer contributions as plan assets. <u>See</u> e.g. <u>Trustees</u>
20 <u>of the Const. Indus. and Laborers Health and Welfare Trust v. Vasquez</u>, 2:09-CV-02231-LRH, 2011
21 WL 4549228 (D. Nev. 2011). Although the Ninth Circuit Court of Appeals has not specifically ruled
22 on the issue, it has recognized that:

> There is some district court and bankruptcy court authority supporting the proposition
> that an employer is a fiduciary under the Bankruptcy Code with respect to unpaid
> contributions, where the collective bargaining agreement includes unpaid
> contributions as plan assets. According to these cases, it is ERISA and the provision
> of the particular collective bargaining agreement, and not the contractor's nonpayment
> of the debt, that are responsible for a fiduciary relationship. If the agreement creates
> the obligation to pay contributions and defines plan assets to include the unpaid

3

contributions, then ERISA makes the person who controls those plan assets a fiduciary.

<u>Carpenters Pension Trust Fund for N. California v. Moxley</u>, 734 F.3d 864, 869 (9th Cir. 2013). The Ninth Circuit ultimately declined to decide whether unpaid contributions were plan assets because the case before it did not address the issue of unpaid contributions arising from contractual obligations. <u>Id.</u> The Ninth Circuit, however, stated that the Appellant made a persuasive case in light of the provisions of its agreement. <u>Id.</u>

In light of the Ninth Circuit's reasoning, the Court agrees with the decision of its sister courts: the general rule laid out by <u>Cline</u> does not apply when the agreement governing a plan clearly identifies unpaid employer contributions as plan assets. However, in this case, the MLAs have neither incorporated the Trust Agreements by reference nor clearly defined unpaid contributions as trust assets. Lamek and Marshall seek to avoid liability for unpaid contributions as fiduciaries by asserting, essentially, that since the MLAs did not incorporate the Trust Agreements, and because Accuracy is only alleged to be signatory to the MLA's, and not the Trust Agreements, then they cannot be liable as fiduciaries regardless of what the MLAs and Trust Agreements state. However, the fact that Accuracy was not signatory to the Trust Agreements does not mean that they are not bound by those agreements. Instead, "whether there is a formal contract between plaintiffs and defendants does not determine whether they have a binding agreement, as long as there are (1) a writing that details the method of payment and (2) conduct demonstrating assent to those detailed terms." <u>United Here Health v. Gilbert</u>, 2014 WL 2527121, (D. Nev. June 4, 2014)(citing <u>S. Cal. Painters & Allied Trade Dist. Council No. 36 v. Best Interiors, Inc.</u>. 359 F.3d 1127, 1133 (9th Cir. 2004)). Here, Accuracy, through its officers Lamek and Marshall, may have assented to the terms of the Funds and the Funds' governing documents through their course of conduct. The Third Amended Complaint (#104) contains sufficient allegations in paragraphs fifty-five (55) through fifty-eight (58) to survive a motion to dismiss on this point.

4

The Court recognizes that their final liability as fiduciaries based on language in Trust documents, such as Amendment No. 4 to the Restated Agreement Establishing Plan for the Southern Nevada Glaziers & Fabricators Pension Trust Fund (effective January 27, 2010), which was not adopted until July 29, 2014 (three days before the Opposition (#115) to the motion to dismiss was filed), is questionable and may not survive a probable motion for summary judgment. However, Plaintiffs have certainly stated a claim upon which relief may be granted taking the allegations as true, as the Court must. Therefore, Defendants' motion to dismiss the breach of fiduciary duty claims is denied.

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants Accuracy Glass and Mirror Company ("Accuracy"), Michael Lamek, and Kelly Marshall's Motion to Dismiss Third Amended Complaint (#113) is **DENIED**.

DATED this 9th day of March 2015.

_____
Kent J. Dawson
United States District Judge