UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

GLAZING HEALTH AND WELFARE FUND, *et al.*,

        Plaintiffs,

   v.

ACCURACY GLASS AND MIRROR COMPANY, INC., *et al.*,

        Defendants.

Case No. 2:13-CV-1106-KJD-NJK

**ORDER**

      Presently before the Court is Plaintiffs' Motion for Partial Summary Judgment (#161). Defendants filed a response in opposition (#168) to which Plaintiffs replied (#170). Also before the Court is Plaintiffs' Motion for Leave to File Brief in Response to New Authority (#173). Defendants filed a response (#174) to which Plaintiffs replied (#178). Also before the Court is Defendants' Motion to Reconsider (#175). Plaintiffs filed a response in opposition (#177) to which Defendants replied (#179) Finally, before the Court is Plaintiffs' Motion to Amend (#176). Defendants filed a response in opposition (#178) to which Plaintiffs replied (#180).

I. Background

      Defendant Accuracy Glass & Mirror Co. ("Accuracy") is a Nevada glass and glazing contractor. Defendant Michael Lamek is Accuracy's secretary/treasurer and Defendant Kelly Marshall is its president. Plaintiffs ("the Trusts") are a collection of trusts that manage participating employees' benefits in southern Nevada. Accuracy entered into two Master Labor

Agreements ("MLAs") and several Trust Agreements with Glaziers Union Local 2001 during the period under consideration. Plaintiffs allege that Accuracy failed to meet the contribution obligations required by the MLAs and Trust Agreements. Accuracy asserts that its failure to pay the Trusts was due to insufficient funds to pay all of its creditors. The Trusts also assert claims against Lamek and Marshall, personally, for breach of fiduciary duty.

II. Standard for Summary Judgment

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323.

The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex 477 U.S. at 322.

III. Analysis

Plaintiffs have moved for partial summary judgment on their claims for breach of contract by Accuracy during the second audit and post-audit periods, breach of fiduciary duty by Lamek and Marshall during the same periods, and on their demand for relief on bonds against Western National. After the motion was fully briefed, the Ninth Circuit issued its opinion in Bos v. Bd. of Trustees, 795 F.3d 1006 (9th Cir. 2015) prompting Plaintiffs' Notice of New Authority

1  and Defendants' Motion to Reconsider.  Bos affects the analysis of whether Defendants Lamek
2  and Marshall should be considered fiduciaries under ERISA, but not the breach of contract
3  claims against Accuracy.
4      A. Breach of Contract as to Accuracy
5      A cause of action arises under 29 U.S.C. § 1145 when an employer fails to make
6  contributions to a multiemployer plan in accordance with the terms of the applicable collective
7  bargaining agreement ("CBA"). Trs. of the Screen Actors Guild-Producers Pension & Health
8  Plans v. NYCA, Inc., 572 F.3d 771, 775-76 (9th Cir. 2009). CBAs establishing ERISA plans are
9  to be interpreted according to the ordinary principles of contract law. M&G Polymers USA, LLC
10 v. Tackett, 135 S.Ct. 926, 933 (2015). "Where the words of a contract in writing are clear and
11 unambiguous its meaning is to be ascertained in accordance with its plainly expressed intent." Id.
12 (quoting 11 R. Lord, Williston on Contracts §30:6, p. 108 (4th ed. 2012)). When judgment in
13 favor of an ERISA plan is awarded, the court shall award the plan: 1) the unpaid contributions;
14 2) interest on the unpaid contributions; 3) liquidated damages provided for under the plan in an
15 amount not in excess of 20 percent; 4) reasonable attorney's fees and costs; and 5) such other
16 legal or equitable relief as the court deems appropriate. 29 U.S.C. § 1132; See Laborers Health &
17 Welfare Trust Fund v. Advanced Lightweight Concrete Co., 484 U.S. 539 (1988). Interest on
18 unpaid contributions are to be determined "using the rate provided under the plan[.]" 29 U.S.C. §
19 1132(g).
20      Accuracy does not dispute that it did not make full contributions to each Trust on a
21 monthly basis (#168 at 5). It only contests: 1) the extent to which they are bound to the Trust
22 Agreements and Collection Policies of the Trusts; and 2) that Plaintiffs have provided
23 "insufficient evidence as to the amounts due to each Plaintiff Trust individually" (#168 at 5, 6).
24 The MLAs unambiguously state when funds are due to the Trusts; when they are deemed
25 delinquent; and reserve the right to seek "economic and/or legal remedies as it sees fit with
26 respect to [a delinquent] individual Employer" (#161 Ex. 5 at 12, 13; Ex. 6 at 15). The plainly

1  expressed intent of the MLAs is to allow for the Trusts to seek legal remedy for delinquent
2  funds. An examination of the Trust Agreements and Collection Policies is unnecessary to
3  determine that Accuracy's non-payment constitutes a breach of contract. Under 29 U.S.C. § 1132
4  the Governing Documents, however, are to be used to determine the interest rate for unpaid
5  contributions. Accordingly, the Court grants Plaintiffs' Motion for Partial Summary Judgment as
6  to Accuracy's breach of contract. Plaintiffs must file a separate motion for summary judgment on
7  damages[1] within ten (10) days of the entry of this order.

       B. Breach of Fiduciary Duty as to Lamek and Marshall

Under ERISA, an individual is a fiduciary with respect to a trust's funds to the extent that he or she exercises discretionary control over the plan itself or the plan's assets. See 29 U.S.C. § 1002(21)(A). Unpaid employee contributions are to be considered plan assets. See Nelson v. EG & G Energy Measurements Group, 37 F.3d 1384, 1391 (9th Cir. 1994) (affirming 29 C.F.R. 2510.3-102(a) that "employee contributions should have been considered plan assets at the time they could reasonably have been segregated"). However, unpaid employer contributions typically are not considered plan assets. Cline v. Indus. Maint. Engr. & Contracting Co., 200 F.3d 1223, 1234 (9th Cir. 2000). ERISA fiduciaries are held to a prudent man standard of care and, as such, are expected to discharge their duties with respect to a plan's assets "solely in the interest of the participants and beneficiaries" of the plan. §1104(a)(1); see also Tibble v. Edison Int'l, 135 S.Ct. 1823, 1828 (2015) (noting that that an ERISA fiduciary's duty is "derived from the common law of trusts.").

Under ERISA, "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations or duties imposed upon fiduciaries by [ERISA] shall be personally liable to make good to such plan any losses to the plan resulting from each breach[.]" 29 U.S.C. § 1109(a). "ERISA does not expressly define the term 'assets of the plan[,]'" nor has

---

[1] The damages must be broken down by trust and specify which rates for interest and liquidated damages applies to each.

4

1  the Ninth Circuit "had occasion to delineate the precise boundaries of the term as it is used[.]"

2  Acosta v. Pac. Enter., 950 F.2d 611, 620 (9th Cir. 1991). The Ninth Circuit does recognize that

3  "a plain interpretation of the term does not encompass future contributions not yet made."

4  Collins v. Pension and Ins. Comm. of So. Cal. Rock Prods. and Ready Mixed Concrete Assns.,

5  144 F.3d 1279, 1282 (9th Cir. 1998). The question raised by the present litigation is whether the

6  contractual requirements in the CBA's, MLA's and Trust documents requiring employers to

7  contribute to the Plans make the principals, in this case Lamek and Marshall, fiduciaries of

8  unpaid contributions.  The general rule as expressed in Cline is that contributions do not become

9  plan assets under ERISA until they are paid over to the plan. See Cline, 200 F.3d at 1234.

10  The Trusts argue that the Court should adopt an exception to the Cline rule that has been

11  recognized in other circuits but never by the Ninth Circuit, that unpaid employer contributions

12  are assets of a fund if the agreement between the fund and the employer specifically and clearly

13  declares that they are. The Eleventh Circuit recognized this exception in ITPE Pension Fund v.

14  Hall, 334 F.3d 1011, 1013-14 (11th Cir. 2003) but did not apply it because the agreement was

15  too ambiguous to hold the employer's principals accountable. The court asserted, "A person

16  should not be attributed fiduciary status under ERISA and held accountable for performance of

17  the strict responsibilities required of him in that rule, if he is not clearly aware of his status as a

18  fiduciary[.]" Id. The rationale, as the Hall court explained, is that:

19
20
21
22
> If ERISA did not limit the definition of fiduciaries to those with knowledge of their authority and discretion, then persons or entities could become subject to fiduciary liability without notice. Such a result would not only be unfair, but it would also disserve a core purpose of ERISA, which is to create a system whereby accountable fiduciaries are motivated by their accountability to protect the interests of participants in ERISA plans.

23  Previously, this Court recognized that exception and accepted the premise that the Ninth

24  Circuit would also recognize the exception. However, the Ninth Circuit was recently tasked in

25  Bos with deciding "whether an employer's contractual requirement to contribute to an employee

26  benefits trust fund makes it a fiduciary of unpaid contributions." Bos, 795 F.3d at 1107. Lamek

1   and Marshall argue that Bos, which is limited to the bankruptcy context of non-dischargeability
2   of a debt under 11 U.S.C. § 523(a)(4), shows that the Ninth Circuit does not recognize this
3   exception to the Cline rule in any context. See id. at 1008. The Trusts disagree, arguing that the
4   Bos court merely declined to recognize an exception to the Cline rule in the bankruptcy context
5   of non-dischargeability of a debt under 11 U.S.C. § 523(a)(4).

6       Although the Bos panel appears to address the larger issue, the effect of its opinion is
7   limited by the context in which it was rendered and the narrow issue presented for appeal: the
8   non-dischargeability of a debt under 11 U.S.C. § 523(a)(4). See id. Bos does, however, "provide
9   guidance about whether the Ninth Circuit might apply an exception to the Cline rule in a purely
10  ERISA context." Unite Here Health v. Gilbert, 60 Employee Benefits Cas. 2034, 2015 WL
11  5766511, *5 (D. Nev. September 30, 2015). Bos suggests that the Ninth Circuit "would apply a
12  narrow construction to fiduciary status and would classify the asset as either: (1) a contractual
13  right to collect payments once they become due or (2) unpaid past-due contributions." Id.(citing
14  Bos, 795 F.3d at 1008).

15      If employer contributions are classified as a contractual right to collect payments once
16  they become due, Lamek and Marshall are not fiduciaries under ERISA. Like in Bos, they are
17  principals of "a typical employer" and they "lack the requisite control over such plan asset[,]"
18  thus they "could not qualify as a fiduciary for purposes of ... ERISA[.]" Id. But even if the asset
19  is classified as unpaid past-due contributions, the exception still would not qualify these
20  principals as fiduciaries. The language of these Trusts' agreements, like in Hall, are not
21  sufficiently clear to justify applying the exception to the Cline rule that has been recognized by
22  other courts. Thus the Cline rule applies, and Lamek and Marshall are not subject to fiduciary
23  liability under ERISA. See, e.g., Unite Here Health, at *4-5.

24      Accordingly, the Court grants Plaintiffs' Motion for Leave (#173) and grants Defendants'
25  Motion for Reconsideration (#175). The language of the plans and trust agreements is simply too
26  vague to justify holding Lamek and Marshall personally liable as fiduciaries under ERISA.

C. Plaintiffs' Demand for Relief on Bonds against Western National

In order to receive a contracting license in the State of Nevada a contractor must either file a surety bond or make a cash deposit in lieu of such a bond with the Nevada State Contractors Board. Nev. Rev. Stat. Ann. § 624.270(1). The bond is issued for the benefit of any party "injured by any unlawful act or omission of the contractor in the performance of a contract." Nev. Rev. Stat. Ann. § 624.273(1)(d). The surety only becomes liable for fees that exceed the bond amount when it engages in direct litigation with the secured entity over the bond. Trs. of the Plumbers & Pipefitters Union Local 525 Health & Welfare Trust Plan v. Developers Sur. & Indem. Co., 84 P.3d 59, 61-62 (2004). Defendants have not disputed Plaintiffs' claim upon the bond nor has Western National engaged in direct litigation over it. Therefore, Plaintiffs' Motion for Partial Summary Judgment is granted as to the Bond and Plaintiffs' request for fees in excess of the value of the Bond is denied.

D.  Plaintiffs' Motion to Amend

Generally speaking, a party may amend their pleadings "as a matter of course" before a responsive pleading has been served.  Fed. R. Civ. Pr. 15(a).  After that, a party may amend their pleadings "only by leave of the court...[which] leave shall be freely given when justice so requires." Id.  In such instances, the Court would balance the strong policy towards permitting amendment versus "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  See Schlacter-Jones v. General Telephone, 936 F.2d 435, 443 (9th Cir. 1991)(quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

However, where the Court has filed a pretrial scheduling order that has established a timetable or deadline for amending the pleadings, the Court will consider proposed amendments under Federal Rule of Civil Procedure 16(b).  That rule requires that the schedule for amending pleadings not be modified without a showing of good cause for failure to amend within the time

1 specified in the scheduling order. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th
2 Cir. 2000).  This standard "primarily considers the diligence of the party seeking the
3 amendment."  See Johnson v. Mammoth Recreations, Inc. 975 F.2d 604, 608 (9th Cir. 1992).   A
4 scheduling order (#124) was issued in this case that set December 29, 2014 as the deadline for
5 amending the pleadings.  Therefore, the Court will review the Plaintiff's motion to amend under
6 Rule 16's good cause standard, because the motion was filed well past the deadline set in the
7 discovery scheduling order.  Here, Plaintiffs have demonstrated good cause to amend the
8 complaint only for the purpose of dropping settled claims and defendants, adding the cause of
9 action against the bond surety Western National Mutual Insurance Company and the claim
10 against Defendants for "Avoidance of Fraudulent Conveyance or Attachment of Proceeds of
11 Sale[,]" but only to the extent that Accuracy's interest in such property was transferred.
12 Therefore, the motion to amend is granted in part and denied in part.

### IV. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Partial Summary Judgment (#161) is **GRANTED in part** and **DENIED in part**;

**IT IS FURTHER ORDERED** that Accuracy is liable to the Trusts for all unpaid contributions and that the Plaintiffs file a supplemental motion for summary judgment on damages within fourteen (14) days of the entry of this order;

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File Brief in Response to New Authority (#173) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants' Motion to Reconsider (#175) is **GRANTED**;

**IT IS FURTHER ORDERED** that the claims against Lamek and Marshall personally as fiduciaries under ERISA are **DISMISSED**;

**IT IS FURTHER ORDERED** that Plaintiffs' demand for relief on bonds against Western National is **GRANTED**;

1      **IT IS FURTHER ORDERED** that Plaintiffs' motion for summary judgment for fees in
2 excess of the value of the Bond is **DENIED**;
3      **IT IS FURTHER ORDERED** Plaintiffs' Motion to Amend (#176) is **GRANTED in**
4 **part and DENIED in part**;
5      **IT IS FURTHER ORDERED** that Plaintiffs file a fourth amended complaint in
6 compliance with the Court's order within fourteen (14) days of the entry of this order.
7 DATED this 30th day of March 2016.

_____
Kent J. Dawson
United States District Judge