**CHRISTENSEN JAMES & MARTIN**
KEVIN B. CHRISTENSEN, ESQ. (175)
WESLEY J. SMITH, ESQ. (11871)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Facsimile: (702) 255-0871
kbc@cjmlv.com, wes@cjmlv.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| GLAZING HEALTH AND WELFARE FUND, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> ACCURACY GLASS & MIRROR COMPANY, INC., *et al.*, <br><br> Defendants. | CASE NO.: 2:13-cv-01106-KJD-NJK <br><br> **STIPULATION AND ORDER FOR ENTRY OF SUMMARY JUDGMENT AGAINST ACCURACY GLASS & MIRROR COMPANY, INC.** <br><br> Date: N/A <br> Time: N/A |

The Plaintiff Trust Funds ("Plaintiffs" or "Trusts") and Defendants Accuracy Glass & Mirror Company, Inc., ("Defendant" or "Accuracy"), acting by and through their respective undersigned counsel, hereby stipulate and agree as follows:

1. On March 31, 2016, the Court entered its Order [ECF No. 181] (the "Order") making factual findings and conclusions of law, which are incorporated herein by reference, and Ordered as follows:

   a. that Plaintiffs' Motion for Partial Summary Judgment [ECF No. 161] is GRANTED in part and DENIED in part;

   b. that Accuracy is liable to the Trusts for all unpaid contributions and that the Plaintiffs file a supplemental motion for summary judgment on damages within fourteen (14) days of the entry of the Order;

   c. that Plaintiffs' Motion for Leave to File Brief in Response to New Authority [ECF No. 173] is GRANTED;

d. that Defendants' Motion to Reconsider [ECF No. 175] is GRANTED;

e. that the claims against Mike Lamek and Kelly Marshall personally as fiduciaries under ERISA are DISMISSED;

f. that Plaintiffs' demand for relief on bonds against Western Surety is GRANTED;

g. that Plaintiffs' motion for summary judgment for fees in excess of the value of the Bond is DENIED;

h. that Plaintiffs' Motion to Amend [ECF No. 176] is GRANTED in part and DENIED in part: Plaintiffs are granted leave to amend to add a cause of action against Western Surety Company for relief on the surety bond and a cause of action against Accuracy for Avoidance of Fraudulent Conveyance or Attachment of Proceeds of Sale (but only to the extent that Accuracy's interest in such property was transferred);

i. that Plaintiffs file a fourth amended complaint in compliance with the Court's order within fourteen (14) days of the entry of the Order.

2. On April 14, 2016, Plaintiffs filed a Fourth Amended Complaint asserting, for the first time, a cause of action against Western Surety Company for relief on Surety Bond No. 58712846 (the "Bond") and a cause of action against Accuracy for Avoidance of Fraudulent Conveyance or Attachment of Proceeds of Sale related to conveyance of the property located at 5145 Schirlls Street, Las Vegas, Nevada (the "Property") (but only to the extent that Accuracy's interest in the Property was transferred).

3. On April 12, 2016, pursuant to the Parties' Stipulation and First Request for Extension, the Court entered an Order [ECF No. 183] extending the deadline to April 28, 2016 for the Plaintiffs to file a supplemental motion for summary judgment on damages in response to the March 31, 2016 Order.

4. On April 29, 2016, pursuant to the Parties' Stipulation and Second Request for Extension, the Court entered an Order [ECF No. 186] extending the deadline to May 12, 2016

for the Plaintiffs to file a supplemental motion for summary judgment on damages in response to the March 31, 2016 Order.

5. On May 18, 2016, pursuant to the Parties' Third Stipulation and Request for Extension, the Court entered an Order [ECF No. 188] extending the deadline to May 26, 2016.

6. In order to avoid further litigation and expense in this matter, the Plaintiffs and Defendant hereby stipulate and agree to the amount of damages to be entered in summary judgment against Accuracy.

7. During the period of May 1, 2011 through April 30, 2016 ("Delinquency Period"), Accuracy was bound by one or more Master Labor Agreements ("MLA") with Glaziers Union Local 2001 which require monthly contributions for various employee benefits provided pursuant to the MLA, as set forth below. Accuracy admits that it did not make full contributions on a monthly basis.

8. The MLA requires monthly contributions for various employee benefits pursuant to Articles 14 (health and welfare), 15 (pension), 16 (apprenticeship, training, and safety), 19 (dues check off, organizing, and market recovery), 20 (industry promotion), 33 (substance abuse rehabilitation), 34 (labor-management cooperation initiatives), 35 (political action), which are to be paid to the Trusts' local trust fund administrator pursuant to Article 17 on behalf of the Trusts.

9. Under 29 U.S.C. § 1132(g)(2), the Trusts are entitled to a monetary Judgment against Accuracy for: 1) unpaid contributions; 2) interest on the unpaid contributions; 3) liquidated damages provided for under the plan not in excess of 20 percent; and 4) reasonable attorney's fees and costs. Interest on unpaid contributions is to be determined using the rate provided under the plan or, if none, the rate prescribed under 26 U.S.C. § 6621.

10. The Plaintiffs and Defendant, having reviewed the Trust Agreements and other governing plan documents, agree to the interest and liquidated damages rates set forth in Appendix A, attached hereto.

11. The Trusts engaged the services of accounting firm Stewart Archibald & Barney ("SAB") to conduct a contract compliance review ("Audit") of Accuracy's payroll records to

determine the exact amounts owed for unpaid contributions during the Delinquency Period and to calculate interest and liquidated damages as provided under the Trusts' governing documents.

12. The Plaintiffs and Defendant agree to the calculations of amounts owed, prepared by SAB, which are included with the Declaration of Glenn Goodnough, CPA, of SAB, attached hereto as Appendix B, including the amounts set forth as to unpaid fringe benefit contributions, interest, liquidated damages, attorney's fees, and audit costs, .

13. Wherefore, Judgment shall be entered against Accuracy and in favor of each Plaintiff Trust as follows:

    a. Plaintiff <u>Glazing Health and Welfare Fund</u>, by through its designated fiduciaries, as collection agent for the Health & Welfare and Substance Abuse contribution categories identified in Appendix B, <u>total judgment in the amount of $279,313.53</u>, consisting of contributions in the amount of $106,136.20, interest in the amount of $16,567.30, liquidated damages in the amount of $17,869.74, audit fees in the amount of $73,231.07, and attorney's fees and costs in the amount of $65,509.22;

    b. Plaintiff <u>Southern Nevada Glaziers and Fabricators Pension Trust Fund</u>, by through its designated fiduciaries, as collection agent for the 401(k) Fund contribution category identified in Appendix B, <u>total judgment in the amount of $83,802.01</u>, consisting of contributions in the amount of $41,694.88, interest in the amount of $5,298.38, liquidated damages in the amount of $7,032.55, audit fees in the amount of $15,256.47, and attorney's fees and costs in the amount of $14,519.97;

    c. Plaintiff <u>Painters, Glaziers and Floorcoverers Joint Apprenticeship and Journeyman Training Trust</u>, by through its designated fiduciaries, as collection agent for the Apprentice contribution category identified in Appendix B, <u>total judgment in the amount of $41,191.47</u>, consisting of contributions in the amount of $23,638.45, interest in the amount of $2,595.38, liquidated damages in the amount of $3,747.80, audit fees in the

amount of $6,102.59, and attorney's fees and costs in the amount of $5,107.25;

d. Plaintiff <u>Painters, Glaziers and Floorcoverers Safety Training Trust Fund</u>, by through its designated fiduciaries, as collection agent for the HSUTAP contribution category identified in Appendix B, <u>total judgment in the amount of $12,765.68</u>, consisting of contributions in the amount of $6,853.32, interest in the amount of $811.46, liquidated damages in the amount of $1,134.63, audit fees in the amount of $1,830.78, and attorney's fees and costs in the amount of $2,135.49;

e. Plaintiff <u>IUPAT Political Action Committee</u>, by through its designated fiduciaries, as collection agent for the National PAT and PAC contribution categories identified in Appendix B, <u>total judgment in the amount of $3,828.05</u>, consisting of contributions in the amount of $3,159.17 and audit fees in the amount of $668.88;

f. Plaintiff <u>Southern Nevada Painters and Decorators and Glaziers Labor-Management Cooperation Committee Trust</u>, by through its designated fiduciaries, as collection agent for the LMCC, Industry Promotion, Organizing, Market Recovery, and Check-Off Dues contribution categories identified in Appendix B, <u>total judgment in the amount of $104,403.44</u>, consisting of contributions in the amount of $70,534.60, interest in the amount of $2,994.42, liquidated damages in the amount of $4,276.50, audit fees in the amount of $14,646.22, and attorney's fees and costs in the amount of $11,951.70;

g. Plaintiff <u>IUPAT Industry Pension Trust Fund</u>, by through its designated fiduciaries, as collection agent for the National Pension, National FTI, and National LMCI contribution categories identified in Appendix B, <u>total judgment in the amount of $590,102.01</u>, consisting of contributions in the amount of $293,621.72, interest in the amount of $14,676.70, liquidated

damages in the amount of $57,253.32, audit fees in the amount of $112,839.29, and attorney's fees and costs in the amount of $111,710.98;

    h. Plaintiff <u>Southern California, Arizona, Colorado, and Southern Nevada Glaziers, Architectural Metal and Glass Workers Pension Trust Fund</u>, by through its designated fiduciaries, as collection agent for the Southern California Pension contribution categories identified in Appendix B, <u>total judgment in the amount of $251,717.46</u>, consisting of contributions in the amount of $171,510.47, interest in the amount of $27,141.09, liquidated damages in the amount of $33,537.61, and audit fees in the amount of $19,528.29.

14. Interest shall accrue on the Judgment at the rate of seven percent (7%) per annum from the date of entry until paid in full.

15. The cause of action in the Fourth Amended Complaint against Western Surety Company for relief on the Bond shall be dismissed without prejudice.

16. The cause of action in the Fourth Amended Complaint against Accuracy for Fraudulent Conveyance of the Property shall be dismissed with prejudice.

17. The Plaintiffs and Defendant agree that by entry of Judgment against Accuracy as set forth herein, and by dismissal of the new causes of action asserted in the Fourth Amended Complaint as set forth herein, all claims in this case will be resolved. Therefore, entry of Judgment as set forth herein shall be considered final for the purposes of appeal under 28 U.S.C. § 1291 and this case may be closed.

///
///
///
///
///

18. The Plaintiffs and Defendant agree that any right to appeal the factual findings and conclusions of law contained in the Order and incorporated herein by reference shall run from the date of entry of Judgment as set forth herein.

DATED this 25th day of May, 2016.

| CHRISTENSEN JAMES & MARTIN | GORDON SILVER |
|---|---|
| By: /s/ Wesley J. Smith | By: /s/ Mark D. Dzarnoski |
| Wesley J. Smith, Esq. | Mark S. Dzarnoski, Esq. |
| 7440 W. Sahara Avenue | 500 N. Rainbow, Suite 120 |
| Las Vegas, Nevada 89117 | Las Vegas, NV 89107 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant Accuracy Glass & Mirror Company, Inc.* |

## ORDER

Pursuant to the express stipulation between the Plaintiffs and Defendant Accuracy Glass & Mirror Company, Inc. set forth above, and good cause appearing herefore,

**IT IS HEREBY ORDERED** that Western Surety Company and the Cause of Action asserted against Western Surety Company for relief on the Bond are dismissed without prejudice;

**IT IS FURTHER ORDERED** that the cause of action against Accuracy Glass & Mirror Company, Inc. for Fraudulent Conveyance of the Property is dismissed with prejudice;

**IT IS FURTHER ORDERED** that final Judgment shall be entered against Accuracy Glass & Mirror Company, Inc. and in favor of the Plaintiff Trusts as follows:

  a. Plaintiff <u>Glazing Health and Welfare Fund</u>, by through its designated fiduciaries, as collection agent for the Health & Welfare and Substance Abuse contribution categories identified in Appendix B, <u>total judgment in the amount of $279,313.53</u>, consisting of contributions in the amount of $106,136.20, interest in the amount of $16,567.30, liquidated damages in the amount of

$17,869.74, audit fees in the amount of $73,231.07, and attorney's fees and costs in the amount of $65,509.22;

b. Plaintiff <u>Southern Nevada Glaziers and Fabricators Pension Trust Fund</u>, by through its designated fiduciaries, as collection agent for the 401(k) Fund contribution category identified in Appendix B, <u>total judgment in the amount of $83,802.01</u>, consisting of contributions in the amount of $41,694.88, interest in the amount of $5,298.38, liquidated damages in the amount of $7,032.55, audit fees in the amount of $15,256.47, and attorney's fees and costs in the amount of $14,519.97;

c. Plaintiff <u>Painters, Glaziers and Floorcoverers Joint Apprenticeship and Journeyman Training Trust</u>, by through its designated fiduciaries, as collection agent for the Apprentice contribution category identified in Appendix B, <u>total judgment in the amount of $41,191.47</u>, consisting of contributions in the amount of $23,638.45, interest in the amount of $2,595.38, liquidated damages in the amount of $3,747.80, audit fees in the amount of $6,102.59, and attorney's fees and costs in the amount of $5,107.25;

d. Plaintiff <u>Painters, Glaziers and Floorcoverers Safety Training Trust Fund</u>, by through its designated fiduciaries, as collection agent for the HSUTAP contribution category identified in Appendix B, <u>total judgment in the amount of $12,765.68</u>, consisting of contributions in the amount of $6,853.32, interest in the amount of $811.46, liquidated damages in the amount of $1,134.63, audit fees in the amount of $1,830.78, and attorney's fees and costs in the amount of $2,135.49;

e. Plaintiff <u>IUPAT Political Action Committee</u>, by through its designated fiduciaries, as collection agent for the National PAT and PAC contribution categories identified in Appendix B, <u>total judgment in the amount of</u>

$3,828.05, consisting of contributions in the amount of $3,159.17 and audit fees in the amount of $668.88;

f. Plaintiff <u>Southern Nevada Painters and Decorators and Glaziers Labor-Management Cooperation Committee Trust</u>, by through its designated fiduciaries, as collection agent for the LMCC, Industry Promotion, Organizing, Market Recovery, and Check-Off Dues contribution categories identified in Appendix B, <u>total judgment in the amount of $104,403.44</u>, consisting of contributions in the amount of $70,534.60, interest in the amount of $2,994.42, liquidated damages in the amount of $4,276.50, audit fees in the amount of $14,646.22, and attorney's fees and costs in the amount of $11,951.70;

g. Plaintiff <u>IUPAT Industry Pension Trust Fund</u>, by through its designated fiduciaries, as collection agent for the National Pension, National FTI, and National LMCI contribution categories identified in Appendix B, <u>total judgment in the amount of $590,102.01</u>, consisting of contributions in the amount of $293,621.72, interest in the amount of $14,676.70, liquidated damages in the amount of $57,253.32, audit fees in the amount of $112,839.29, and attorney's fees and costs in the amount of $111,710.98;

h. Plaintiff <u>Southern California, Arizona, Colorado, and Southern Nevada Glaziers, Architectural Metal and Glass Workers Pension Trust Fund</u>, by through its designated fiduciaries, as collection agent for the Southern California Pension contribution categories identified in Appendix B, <u>total judgment in the amount of $251,717.46</u>, consisting of contributions in the amount of $171,510.47, interest in the amount of $27,141.09, liquidated damages in the amount of $33,537.61, and audit fees in the amount of $19,528.29.

**IT IS FURTHER ORDERED** that interest shall accrue on the Judgment at the rate of seven percent (7%) from the date of entry of this Judgment until paid in full;

**IT IS FURTHER ORDERED** that entry of this Judgment shall be considered final for the purposes of appeal under 28 U.S.C. § 1291 and any right to appeal the factual findings and conclusions of law contained in the Court's March 31, 2016 Order and incorporated herein by reference shall run from the date of entry of this Judgment as set forth herein; and

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter Judgment accordingly and close this case.

DATED this __26th__ day of __May__, 2016.

_____
Kent J. Dawson
United States District Judge

Submitted By:

**CHRISTENSEN JAMES & MARTIN**

By: ___/s/ Wesley J. Smith___
    Wesley J. Smith, Esq.
    *Attorneys for Plaintiffs*